UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| CAROL JEAN NELSON, | ) | CIV. 09-4175-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING |
| | ) | DEFENDANT'S MOTION FOR |
| CITY OF CANTON, a South | ) | SUMMARY JUDGMENT |
| Dakota municipal corporation, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant, City of Canton, moves for summary judgment on the complaint, which alleges a violation of the Equal Pay Act of 1963. Plaintiff, Carol Nelson, resists Canton's motion for summary judgment. Canton's motion is denied.

**BACKGROUND**

Canton owned and operated the Powerhouse Bar from 1970 to 2009. From 2005 until 2009, City Commissioners and City Hall employees managed the bar. During that same time period, several individuals were hired to perform the duties of head bartender.

Trilby Lawrenson, a female, was promoted from bartender to head bartender during the summer of 2006 and was paid $11 per hour. In August of 2006, Jeff Nolte was hired as a head bartender and paid $14 an hour. After Nolte resigned on December 13, 2006, plaintiff, Carol Nelson, was promoted from bartender to head bartender and paid $12 per hour.

On April 7, 2009, Scott Chleborad was hired as an "interim manager" and was paid $17 per hour. While Chleborad worked as the interim manager, Nelson taught him the day-to-day operations of the bar for approximately two months.[1] Nelson brings suit against Canton alleging that Canton violated the Equal Pay Act by paying her less based on her sex.

## STANDARD OF REVIEW

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The burden is initially placed on the moving party to establish the absence of a genuine issue of material fact and that the party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) ("[A] party seeking summary judgment always bears the initial responsibility of . . . demonstrat[ing] the absence of a genuine issue of material fact." (internal quotations omitted)).

Once the moving party has met its initial burden, the nonmoving party "may not rely merely on allegations or denials in its own pleading[.]" Fed. R. Civ. P. 56(e)(2). Rather, the nonmoving party must, "by affidavits or as otherwise provided in this rule[,] set out specific facts showing a genuine

---

[1] Nelson was fired after Chleborad became the owner of the bar on June 2, 2009.

issue for trial." *Id.* For purposes of summary judgment, the facts, and inferences drawn from those facts, are "viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)).

## ANALYSIS

"To recover under the Equal Pay Act, [Nelson] must prove that [Canton] discriminated on the basis of sex by paying different wages to employees of opposite sexes 'for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.'" *Tenkku v. Normandy Bank*, 348 F.3d 737, 740 (8th Cir. 2003) (quoting 29 U.S.C. § 206(d)(1)). *See also McLaughlin v. Esselte Pendaflex Corp.*, 50 F.3d 507, 513 (8th Cir. 1995) ("To establish a prima facie case of discrimination based upon unequal pay, [the plaintiff] must show that [the employer] paid male workers more than [the plaintiff] was paid for equal work in jobs that required equal skill, effort, and responsibility and were performed under similar conditions." (citing 29 U.S.C. § 206(d))). "If [Nelson] meets this burden, [Canton] may avoid liability by proving any of the four statutory affirmative defenses." *Tenkku*, 348 F.3d at 740 (citing *Corning Glass Works v. Brennan*, 417 U.S. 188, 195-97 (1974)). That is, Canton must demonstrate that the unequal pay was either

"made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex[.]" 29 U.S.C. § 206(d)(1).

Canton does not dispute that Nelson can establish a prima facie case of being discriminated against on the basis of sex by being paid different wages for equal work. Docket 28 at 4. Rather, Canton relies entirely on the fourth affirmative defense to justify the unequal pay. The burden is therefore on Canton "to prove that the pay differential [wa]s based on a factor other than sex." *McLaughlin*, 50 F.3d at 513 (citation omitted).

Canton argues that the record proves that the differing pay was based on differing experience and education. In support of this argument, Canton relies on the fact that Nolte, Nelson's predecessor, and Chleborad, Nelson's successor, had different backgrounds in terms of education and experience. Canton argues that the differing backgrounds, not the sex of the workers, explain the pay differential.

In *Simpson v. Merchants & Planters Bank*, 441 F.3d 572 (8th Cir. 2006), the Eighth Circuit Court of Appeals rejected the employer's argument that it was entitled to a judgment as a matter of law based on similar

4

arguments raised in this case.[2] Specifically, the Eighth Circuit Court of Appeals rejected the employer's argument that it was entitled to a judgment as a matter of law because the pay differential "was based on factors other than sex: [the male employee's] college degree . . . and efforts by other [employers] to recruit [the male employee]." *Id.* at 579. The Eighth Circuit Court of Appeals reasoned that "[a] reasonable jury could have rejected [the male employee's] college degree as a reason for the pay differential, since all the skills needed at the Bank were on-the-job acquired" and that "[e]xterior salary pressures have been rejected as reasons for pay differential by other circuits, and the jury . . . was not unreasonable in doing so also." *Id.* (citations omitted).

Canton argues that the reasoning in *Simpson* should not apply in this case for two reasons. Canton initially attempts to distinguish *Simpson* by arguing that the discussion in that case about whether it is proper to justify pay differentials for equal work on the basis of the employees' backgrounds only applied to the plaintiff's prima facie case, which Canton admits is not at issue in its motion for summary judgment. Therefore, according to Canton, *Simpson* is not applicable with regard to the issue here: whether

---

[2] As noted in *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133 (2000), "the standard for granting summary judgment 'mirrors' the standard for judgment as a matter of law, such that 'the inquiry under each is the same.' " *Id.* at 150 (citations omitted).

Canton is entitled to summary judgment because it has established as a matter of law that the pay differential was based on a factor other than sex.

The court rejects Canton's argument because *Simpson* clearly addressed whether the employer's affirmative defense for the pay differential was based on a factor other than sex. *See Simpson*, 441 F.3d at 579 (rejecting the employer's argument "that it proved that the pay differential between [the employees] was based on factors other than sex"). Specifically, the Eighth Circuit Court of Appeals explained that "[a] reasonable jury could have rejected [the male employee's] college degree as a reason for the pay differential, since all the skills needed at the Bank were on-the-job acquired." *Id.* In support of this reasoning, the Eighth Circuit Court of Appeals relied on *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1533 (11th Cir. 1992), where the Eleventh Circuit Court of Appeals stated that "only the skills and qualifications actually needed to perform the jobs are considered." *Simpson*, 441 F.3d at 579. Canton has failed to explain why the reasoning in *Simpson* does not apply in this case. Thus, Canton's attempt to distinguish *Simpson* from the issue in this case is without merit.

Alternatively, Canton argues that rather than applying the reasoning in *Simpson,* the court should follow several other decisions where an employer was granted summary judgment because the record showed that the pay differential was based on a factor other than sex. *See, e.g., Warren v.*

*Solo Cup Co.*, 516 F.3d 627 (7th Cir. 2008); *Irby v. Bittick*, 44 F.3d 949 (11th Cir. 1995); *Dey v. Colt Constr. & Dev. Co.*, 28 F.3d 1446 (7th Cir. 1994); *Wright v. Rayonier, Inc.*, 972 F. Supp. 1474 (S.D. Ga. 1997). The holdings in the cases cited by Canton, however, are not binding on this court because they are not Eighth Circuit or Supreme Court decisions. Conversely, *Simpson* is binding on this court because it was decided by the Eighth Circuit Court of Appeals. Therefore, the court will apply the reasoning and holding in *Simpson* rather than the decisions identified by Canton. Moreover, unlike the apparent situations in the cases relied on by Canton, there is sufficient evidence here for the jury to reject Canton's explanations and find that the pay differential was based on sex.

For example, there is evidence that Nelson trained Chleborad on how to do his job. Docket 27 at 1. A jury could therefore reasonably infer that the skills needed to perform the duties of the head bartender and the interim manager were on-the-job acquired. Thus, the jury could reasonably reject Canton's argument that the pay differential was based on Chleborad's differing background and experience. *See Simpson*, 441 F.3d at 579.

Furthermore, there is evidence that Canton typically based an employee's wages on the prior wages paid for the specific position. Docket 26 at 3. And Canton does not dispute that Nelson's job was "substantially equal" to her predecessor's job. Docket 28 at 4. Yet, Nelson was paid two

7

dollars an hour less than the male employee whom she replaced for the position of head bartender, and five dollars an hour less than the male employee who replaced her. Docket 10 at 2; Docket 25 at 2. The jury could therefore also reject Canton's explanation that the pay differential was based on Nolte's and Chleborad's differing background and experience. *See Simpson*, 441 F.3d at 579 ("Under the EPA, a defendant cannot escape liability merely by articulating a legitimate nondiscriminatory reason for the employment action. Rather, the defendant *must prove* that the pay differential was based on a factor other than sex." (emphasis added)).

If the jury rejects Canton's explanations about the different pay being based on Chleborad's and Nolte's backgrounds and experience, it could reasonably conclude that the pay differential was based on sex. *See id.* Summary judgment is therefore denied because there is a material issue of fact as to whether the pay differential was truly based on a factor other than sex. It is

ORDERED that Canton's motion for summary judgment (Docket 15) is denied.

Dated March 29, 2011.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE

8